IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**ANTHONY LAMAR TASTE,**         CASE NO. 2:04-cv-618
                                 CRIM. NO. 2:02-cr-117(2)

    **Petitioner,**

    v.                           **JUDGE SMITH**
                                 **MAGISTRATE JUDGE KING**

**UNITED STATES OF AMERICA,**

    **Respondent.**

### REPORT AND RECOMMENDATION

    Petitioner, a federal prisoner, brings this motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. §2255. This matter is before the Court on the instant petition, respondent's return of writ, petitioner's traverse, and the exhibits of the parties. Petitioner's request for a liberal construction of his pleadings under *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), *see* Doc. No. 118, is **GRANTED**.  For the reasons that follow, the Magistrate Judge **RECOMMENDS** that this action be **DISMISSED.**

### I. PROCEDURAL HISTORY

    On June 21, 2002, petitioner was indicted, along with co-defendant Melvin Tucker, on one count of conspiracy to possess with intent to distribute cocaine and more than 1000 grams of heroin, in violation of 21 U.S.C. §841(a)(1), (b)(1)(A)(i), and two counts of possession with intent to distribute more than 100 grams of heroin, in violation of 21 U.S.C. §§841(a)(1), (b)(1)(B)(i) and 18 U.S.C. §2. Doc. No.1. On December 6, 2002, pursuant to a plea agreement, petitioner pleaded guilty to conspiracy to possess with intent to distribute cocaine and more than 1000 grams of heroin. Doc.

Nos. 69, 70. On June 16, 2003, petitioner was sentenced to 121 months incarceration plus five years supervised release. Doc. No. 99.

On July 14, 2004, petitioner filed the instant *pro se* motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. §2255. He asserts as follows:

> Petitioner was given a three point enhancement for a "leadership role."
>
> Because this leadership role was not a fact found by the jury or admitted by the petitioner, petitioner's enhanced sentence violated his Sixth and Fourteenth Amendment rights.

## II.

Petitioner asserts that his sentence violates the United States Supreme Court's recent decisions in *United States v. Booker*, 125 S.Ct. 738 (2005), and *Blakely v. Washington*, 124 S.Ct. 2531 (2004), because his sentence was enhanced pursuant to §3B1.1(b) for his leadership role in the offense, and such fact was not a part of his guilty plea. *See* Doc. No. 118. However, petitioner pleaded guilty on December 6, 2002, and was sentenced on June 16, 2003, long before the Supreme Court issued those decisions. Further, the Supreme Court has yet to indicate that either *Blakely* or *Booker* are retroactively applicable to cases on collateral review, and this Court is not aware of any court to consider the issue that has reached such conclusion.

> *Blakely* itself was decided in the context of a direct appeal, and the Supreme Court has not since applied it to a case on collateral review.... In fact, the Supreme Court has strongly implied that *Blakely* is not to be applied retroactively. The same day the Supreme Court decided *Blakely*, the Court also issued its decision in *Schriro v. Summerlin*, --- U.S. ----, 124 S.Ct. 2519, --- L.Ed.2d ---- (2004), holding that *Ring v. Arizona,* 536 U.S. 584, 122 S.Ct. 2428, 153 L.Ed.2d 556 (2002), which extended application of *Apprendi* to facts increasing a defendant's sentence from life imprisonment to death, is not retroactive to cases on collateral review. *Summerlin*, 124 S.Ct. at 2526; *see also Blakely*, 124 S.Ct. at 2548-49 (O'Connor, J.,

> dissenting) (recognizing the Court's holding in *Summerlin* "that *Ring* (and *a fortiori Apprendi* ) does not apply retroactively on habeas review"); *see also McCoy v. United States*, 266 F.3d 1245, 1256-58 (11th Cir.2001) (holding that *Apprendi* is not retroactive to cases on collateral review); *In re Joshua,* 224 F.3d at 1283 (denying the retroactive application of *Apprendi* to permit second or successive habeas petitions). Because *Blakely*, like *Ring,* is based on an extension of *Apprendi,* Dean cannot show that the Supreme Court has made that decision retroactive to cases already final on direct review.

*In re Dean,* 375 F.3d 1287, 1290 (11th Cir. 2004).

> New constitutional rules of criminal procedure are generally not applicable to cases on collateral review. *See Shriro v. Summerlin*, --- U.S. ----, ---- - ----, 124 S.Ct. 2519, 2522-23, --- L.Ed.2d ----, ---- - ---- (2004). Only "watershed" procedural rules are given retroactive effect so as to apply to convictions and sentences that have become final after direct appeal. *See id.* at 2523. A watershed procedural rule is one "without which the likelihood of an accurate conviction is seriously diminished." *Teague v. Lane*, 489 U.S. 288, 313, 109 S.Ct. 1060, 103 L.Ed.2d 334 (1989).
>
> In *Summerlin*, the Court considered whether the rule announced in *Ring* applied retroactively. *See Summerlin*, --- U.S. at ----, 124 S.Ct. at 2526. Like *Blakely, Ring* applied *Apprendi* to a state's sentencing procedures. *See Ring*, 536 U.S. at 603-09. The Court concluded that where Arizona law permitted the death penalty given certain aggravating factors, such factors must be found by a jury, not a judge. *See id.* at 609....
>
> On review, the Supreme Court... [held] that *Ring* was not a substantive rule because it did not alter the range of conduct subject to Arizona's death penalty. *See Summerlin*, --- U.S. at ----, 124 S.Ct. at 2523. It further held that *Ring* was not a watershed rule because it is not clear that judicial fact finding "so seriously diminishe[s] accuracy as to produce an impermissibly large risk of injustice." *Id*. at 2535 (emphasis in original) (internal quotation marks omitted). Therefore, *Ring* does not have retroactive application. *See id.* at 2536. By that reasoning, *Apprendi* is not a watershed rule either. It follows, then, that *Blakely* is also procedural, rather than substantive, and that it is not a watershed rule.

*United States v. Stoltz*, 325 F.Supp.2d 982, 987 (D.Minn. 2004); *see also Green v. United States,*

3

– F.3d –, 2005 WL 237204 (2nd Cir. Feb. 2, 2005); *In re Anderson*, 396 F.3d 1336, 1339-40 (11th Cir. 2005); *Gerrish v. United States*, – F.Supp.2d –, 2005 WL 159642 (D. Me. Jan. 25, 2005); *Simpson v. United States*, 376 F.3d 679, 680-81 (7th Cir. 2004).

For the all of foregoing reasons, the Magistrate Judge **RECOMMENDS** that this action be **DISMISSED**.

If any party objects to this *Report and Recommendation*, that party may, within ten (10) days of the date of this report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. §636(b)(1).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to have the district judge review the *Report and Recommendation* de novo, and also operates as a waiver of the right to appeal the decision of the District Court adopting the *Report and Recommendation. See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

March 16, 2005                                                                       *s/Norah McCann King*
                                                                                                     Norah McCann King
                                                                                       United States Magistrate Judge